**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com

**LEEDS BROWN LAW, P.C.**
Brett R. Cohen, Esq.
One Old Country Road, Suite 347
Carle Place, NY 11514
516.873.9550
bcohen@leedsbrownlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORINA

| | |
|---|---|
| JAMES LEAK, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE ATHLETIC MEDIA COMPANY,<br><br>　　　　　　　　　Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAIN

Plaintiff James Leak, (hereinafter "Plaintiff"), brings this action on behalf of himself and all others similarly situated against Defendant The Athletic Media Company ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

**NATURE OF THE ACTION**

1. This is a putative class action lawsuit against Defendant for engaging in an illegal "automatic renewal" scheme with respect to *The Athletic*, a subscription-based sports website that provides national and local coverage in 47 North American cities as well as the United Kingdom. Relevant to Plaintiff's allegations, when consumers subscribe to *The Athletic*, Defendant actually enrolls consumers in a program that automatically renews their subscriptions from month-to-month or year-to-year and results in monthly or annual charges to the consumer's credit card, debit card, or third-party payment account. In doing so, however, Defendant fails to provide the requisite disclosures and authorizations required to be made to North Carolina consumers under North Carolina G.S. § 75-41.

2. Consumers can subscribe to *The Athletic* through either Defendant's website, www.theathletic.com, or Defendant's mobile application. To do so, customers provide Defendant with their billing information and Defendant then automatically charges its customers' payment method as payments are due, on a monthly or yearly basis. Defendant is able to unilaterally charge its customers renewal fees without their consent, as it is in possession of its customers' payment information. Thus, Defendant has made the deliberate decision to bilk Plaintiff and other similarly situated customers on a repeat basis, relying on consumer confusion and inertia to retain customers, combat consumer churn, and bolster its revenues.

3. Pursuant to North Carolina's G.S. § 75-41, any person engaged in commerce that sells, leases, or offers to sell or lease, any products or services to a consumer pursuant to a contract, where the contract automatically renews unless the consumer cancels the contract, shall do all of the following: (1) Disclose the automatic renewal clause clearly and conspicuously in the contract or contract offer; (2) Disclose clearly and conspicuously how to cancel the contract in the initial

CLASS ACTION COMPLAINT                                                                                             1

contract, contract offer, or with delivery of products or services; (3) For any automatic renewal exceeding 60 days, provide written notice to the consumer by personal delivery, electronic mail, or first-class mail, at least 15 days but no earlier than 45 days before the date the contract is to be automatically renewed, stating the date on which the contract is scheduled to automatically renew and notifying the consumer that the contract will automatically renew unless it is cancelled by the consumer prior to that date; and (4) If the terms of the contract will change upon the automatic renewal of the contract, disclose the changing terms of the contract clearly and conspicuously on the notification in at least 12 point type and in bold print.  Here the enrollment process for subscriptions to *The Athletic* violates requirements (2) and (3) of G.S. § 75-41.

        4.      When consumers sign up for *The Athletic* through Defendant's website, they are presented with the following screen:



        5.      When consumers sign up for *The Athletic* through Defendant's mobile application, they are presented with the following screen:

CLASS ACTION COMPLAINT      2



6. Accordingly, Defendant violates G.S. § 75-41 by (i) failing to disclose clearly and conspicuously how to cancel the contract in the initial contract, and and (ii) for yearly subscriptions, by failing to provide written notice to the consumer at least 15 days before the contract is to be renewed. Thus, per G.S. § 75-41(e), the automatic renewal is rendered void and unenforceable.

7. For the foregoing reasons, Plaintiff brings this action individually and on behalf of all North Carolina purchasers of any of Defendant's *The Athletic* subscriptions who, within the applicable statute of limitations period up to and including the date of judgment in this action, incurred unauthorized fees for the renewal of their subscriptions. Based on Defendant's unlawful conduct, Plaintiff seeks to recover all money Defendant has collected from North Carolina subscribers to *The Athletic*, the contracts for which are rendered void and unenforceable.

**JURISDICTION AND VENUE**

8. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of the State of North Carolina and resides in North Carolina.

9. Defendant is a corporation with its principal place of business in San Francisco and is organized and existing under the laws of the State of California.

10. Upon information and belief, the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

11. This Court has personal jurisdiction over the parties because Defendant maintains its headquarters in this District.

12. Venue is proper because Defendant maintains its headquarters in this District.

**PARTIES**

**Plaintiff**

13. Plaintiff is an individual consumer who, at all times material hereto, was a citizen of North Carolina. During the Class Period Plaintiff purchased the Subscription for personal and/or household use. Plaintiff was not advised that his subscription was scheduled to automatically renew. Plaintiff did not receive written notice of the automatic renewal or that his credit card was going to be charged. Plaintiff was assessed a charge for a subscription that he did not intend to purchase or use – without receiving the required notice.

**Defendant**

14. Defendant The Athletic Media Company is a corporation with its principal place of business in San Francisco, California. Defendant manufactures, markets, advertises, and distributes content through various media platforms that are accessible through Subscriptions throughout the United States. Defendant created and/or authorized the policy and practice by which consumers like Plaintiff are charged for automatic renewals without providing written notice of such charges. Defendant profits from such deceptive schemes, including by way of Subscriptions that are unused and by way of charges for individuals that no longer have access to unsubscribe – or that have forgotten that they subscribed to a never-ending cycle of automatic renewal charges.

## CLASS ALLEGATIONS

15. **Class Definition:** Plaintiff brings this action pursuant to Fed. R. Civ. P. 23 on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All persons in North Carolina who, within the applicable statute of limitations period, up to and including the date of final judgment in this action, incurred renewal fee(s) in connection with Defendant's *The Athletic* subscription offerings.

16. Specifically excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the judge to whom this action is assigned, members of the judge's staff, and the judge's immediate family.

17. Plaintiff reserves the right to amend the definition of the Class if discovery or further investigation reveals that the Class should be expanded or otherwise modified.

18. **Numerosity:** Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, the Class comprises at least tens of thousands of consumers throughout California. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

19. **Commonality and Predominance:** Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to: (a) whether Defendant's subscriptions constitute "automatic renewals" within the meaning of G.S. § 75-41; (b) whether Defendant failed to provide timely written notice required by G.S. § 75-41 prior to fulfilling the automatic renewal of its subscriptions; (c) whether Defendant's conduct alleged herein constitutes unjust enrichment; (d) whether Plaintiff and the Class are entitled to damages and/or restitution; and (e) whether Defendant should be enjoined from further engaging in the misconduct alleged herein.

20. **Typicality:** The claims of plaintiff are typical of the claims of the Class in that Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct,

based upon Defendant's failure to comply with G.S. § 75-41 in connection with its offerings of subscriptions to *The Athletic.*.

21.     **Adequacy:** Plaintiff will fairly and adequately protect Class Members' interests. Plaintiff has no interests antagonistic to Class Members' interests, and Plaintiff has retained counsel that have considerable experience and success in prosecuting complex class-actions and consumer-protection cases.

22.     **Superiority:** A class action is superior to the other available methods for the fair and efficient adjudication of this controversy for, inter alia, the following reasons: prosecutions of individual actions are economically impractical for members of the Class; the Class is readily definable; prosecution as a class action avoids repetitious litigation and duplicative litigation costs, conserves judicial resources, and ensures uniformity of decisions; and prosecution as a class action permits claims to be handled in an orderly and expeditious manner.

23.     Defendant has acted or failed to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

24.     Without a class action, Defendant will continue a course of action that will result in further damages to Plaintiff and members of the Class and will likely retain the benefits of their wrongdoing.

25.     Based on the foregoing allegations, Plaintiff's claims for relief include those set forth below.

**FIRST CAUSE OF ACTION**
**VIOLATION OF NORTH CAROLINA § 75-41**
**(On Behalf of Plaintiff and All Class and/or North Carolina Subclass Members)**

26.     Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

27.     N.C. Chapter § 75-41 provides in pertinent part that Defendant must (i) "Disclose clearly and conspicuously how to cancel the contract in the initial contract, contract offer, or with delivery of products or services" and (ii) For any automatic renewal exceeding 60 days, [the

company] must provide written notice to the consumer by personal delivery, electronic mail, or first-class mail, at least 15 days … before the date the contract is to be automatically renewed[.]"

28. At the time Plaintiff subscribed to *The* Athletic, Defendant failed clearly and conspicuously disclose how to cancel the contract, and thereafter, Defendant failed to supply Plaintiff with written notification before automatically renewing his subscription.  Indeed, Plaintiff was charged for an annual subscription without notice by Defendant.

29. Plaintiff has been harmed in the amounts that he otherwise would not have paid.

30. Plaintiff would have cancelled his subscription had he been provided notice of his subscription renewing.

**SECOND CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and All Class Members in the Alternative)**

31. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

32. Plaintiff, on behalf of himself and consumers nationwide, brings a common law claim for unjust enrichment.

33. Defendant's conduct violated, *inter alia*, state and federal law by automatically renewal subscriptions without written notice.

34. Defendant's unlawful conduct as described in this Complaint allowed Defendant to knowingly realize substantial revenues from selling its Subscriptions at the expense of, and to the detriment or impoverishment of, Plaintiff and Class Members, and to Defendant's benefit and enrichment.  Defendant has thereby violated fundamental principles of justice, equity, and good conscience.

35. Plaintiff and Class Members conferred significant financial benefits and paid substantial compensation to Defendant for the Subscriptions, which they did not intend to renew.

36. Under common law principles of unjust enrichment, it is inequitable for Defendant to retain the benefits conferred by Plaintiff's and Class Members' overpayments.

37. Accordingly, Plaintiff and Class Members seek disgorgement of all profits resulting from such payments from which Plaintiff and Class Members may seek restitution.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself and the Class, prays for judgment as follows:

A. For an order certifying the Class and naming Plaintiff as a representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

B. For an order declaring that Defendant's conduct violates the statutes and common laws referenced herein;

C. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D. For actual and/or compensatory in amounts to be determined by the Court and/or jury;

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief;

G. For injunctive relief as pleaded or as the Court may deem proper; and

H. For an order awarding Plaintiff and the Class their reasonable attorneys' fees, expenses, and costs of suit.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: January 6, 2022            **BURSOR & FISHER, P.A.**

By:   */s/ L. Timothy Fisher*
           L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com

**LEEDS BROWN LAW, P.C.**
Brett R. Cohen, Esq.
Michael A. Tompkins, Esq.*

One Old Country Road, Suite 347
Carle Place, NY 11514
516.873.9550
bcohen@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com

*\* To be Admitted Pro Hac Vice*

*Attorneys for Plaintiff*